United States District Court
District of Massachusetts

| | |
|---|---|
| ANN C. JONES,<br>    Appellant,<br><br>v.<br><br>CARRINGTON MORTGAGE SERVICES,<br>LLC, and DEUTSCHE BANK NATIONAL<br>TRUST COMPANY,<br>    Appellees. | Bankruptcy Appeal No.<br>10-10510-NMG |

MEMORANDUM & ORDER

GORTON, J.

The only issue before this Court on appeal from the United States Bankruptcy Court for the District of Massachusetts is whether the Bankruptcy Court erred in denying the debtor-appellant's motion for reconsideration of the allowance of a claim filed by the creditor-appellee. Because the bankruptcy has been litigated for several years, the Bankruptcy Court Record is extensive but this Court addresses just the facts pertinent to this appeal.

I. **Factual Background**

In brief, on February 11, 2005, Ann C. Jones ("Jones") executed a promissory note to secure an adjustable rate mortgage in favor of Ameripath Mortgage Corporation ("Ameripath") on the real property located at 114 Radcliffe Street, Boston, Massachusetts ("the Property"). In the following months, a

series of assignments and other transactions occurred, resulting in a chain of ownership of the mortgage so convoluted that it required the use of a timeline and flow chart in the proceedings below.

On September 7, 2007, Jones filed a voluntary petition under Chapter 13 of the Bankruptcy Code. Carrington Mortgage Services, LLC ("Carrington") filed a Proof of Claim to which Jones objected on the ground that Carrington lacked standing. The Bankruptcy Court found in favor of Jones and thereby disallowed Carrington's claim. Bankruptcy Judge Joan N. Feeney made it clear, however, that she would reconsider the disallowance if Carrington corrected the deficiencies in proof identified by the Bankruptcy Court (i.e. if Carrington could conclusively establish the chain of ownership of the mortgage executed by the debtor on February 11, 2005).

Carrington's first motion for reconsideration was denied but it persisted by filing an amended motion after gathering further documentation. After reviewing the original file and the additional documentation, the Bankruptcy Court allowed the amended motion for reconsideration, finding that Carrington had sufficiently documented and explained the chain of ownership. The Bankruptcy Court concluded that Carrington had standing to file a proof of claim. After Carrington's amended motion for reconsideration was allowed, Jones filed a motion for

reconsideration which was denied on the ground that "movant has failed to show any manifest error of fact or law or newly discovered evidence." This appeal followed.

## II. Analysis

### A. Standard of Review

The Bankruptcy Court's findings of fact are not set aside unless "clearly erroneous". Orsini Santos v. Mender (In re Orsini Santos), 349 B.R. 762, 769 (1st Cir. B.A.P. 2006) (citations omitted). Although the Bankruptcy Court's legal conclusions are ordinarily reviewed de novo, the denial of a motion for reconsideration of the allowance of a claim is reviewed only for abuse of discretion. Id.; Salem Five Cents Savings Bank v. Tarduqno (In re Tarduqno), 241 B.R. 777, 779 (1st Cir. B.A.P. 1999). Abuse of discretion occurs when: 1) a material factor deserving significant weight is ignored, 2) an improper factor is relied upon or 3) the proper factors are assessed but the court makes a serious mistake in weighing them. Tarduqno, 241 B.R. at 779.

### B. Application

Via multiple briefs, debtor-appellant obfuscates the scope of her appeal by 1) reiterating the entire history of the dispute and many of the arguments previously raised by her in the proceedings below and 2) arguing that the Bankruptcy Court should not have entertained creditor-appellee's multiple motions for

-3-

reconsideration. The only issue before this Court, however, is whether the Bankruptcy Court abused its discretion in denying debtor-appellant's own motion for reconsideration.

Pursuant to 11 U.S.C. § 502(j):

> A claim that has been allowed or disallowed may be reconsidered for cause. A reconsidered claim may be allowed or disallowed according to the equities of the case.

Following the two-step process laid out in § 502(j), a court must first decide whether "cause" for reconsideration has been shown before it may proceed to the "equities" analysis. Americredit Fin. Servs. v. Durham (In re Durham), 329 B.R. 899, 903 (Bankr. M.D. Ga. 2005) (citing In re Rayborn, 307 B.R. 710, 720 (Bankr. S.D. Ala. 2002)). The Bankruptcy Court has substantial discretion in deciding what constitutes "cause" under § 502(j). Rayborn, 307 B.R. at 720-21 (noting neither Bankruptcy Code nor Rules define "cause").

The party moving for reconsideration bears the burden of showing "cause", without which there can be no basis for the disallowance of a previously allowed claim according to the equities of the case. See Rayborn, 307 B.R. at 720; Orsini Santos, 349 B.R. at 769-70. The movant must demonstrate "newly discovered evidence or a manifest error of fact or law". In re Wedgestone Fin., 142 B.R. 7, 8 (Bankr. D. Mass. 1992) (citations omitted); see Orsini Santos, 349 B.R. at 770 (citing In re H.J. Porter Co., Inc., 156 B.R. 149, 150 (Bankr. W.D.Pa. 1993))

-4-

(noting cause may exist when relief would be justified under Fed. R. Civ. P. 60(b)).

Here, Bankruptcy Judge Feeney denied debtor-appellant's motion for reconsideration because Jones "failed to show any manifest error of fact or law or newly discovered evidence" as required by Wedgestone, 142 B.R. at 8. In other words, the Bankruptcy Court found that Jones failed to meet her burden, as the movant, of showing "cause". This Court agrees.

Because debtor-appellant has neither pointed to a manifest error of fact nor presented newly discovered evidence, she must demonstrate a manifest error of law in order to meet her burden of showing "cause". See Wedgestone, 142 B.R. at 8. Jones has, however, merely restated the same arguments presented to and ultimately rejected by the Bankruptcy Court, including, inter alia, her contentions regarding the endorsement "in blank" and the "rubber stamp" in place of Magda Villanueva's signature. It was within the Bankruptcy Court's discretion to accept the validity of the signature and to determine that the creditor-appellee was the holder of the note that had been endorsed in blank. See Mass. Gen. Laws ch. 106, §§ 3-203, 3-205(b).

Jones has also raised the argument of "fraud on the court" based on Carrington's alleged intentional creation and submission of false documents. A "fraud on the court" occurs where:

> it can be demonstrated, clearly and convincingly, that a
> party has sentiently set in motion some unconscionable
> scheme calculated to interfere with the judicial system's
> ability impartially to adjudicate a matter.

Pearson v. First N.H. Mortg. Corp., 200 F.3d 30, 37 (1st Cir. 1999). Although the Court is sympathetic to debtor-appellant's apparent frustration at the delay caused by Carrington's motions for reconsideration and the time taken to compile the necessary documents (for which Carrington takes responsibility), Jones has failed to show fraud on the court. Indeed, the Bankruptcy Court, after reprimanding Carrington for the delay, considered the documents put forth and ultimately found that Carrington had properly documented the chain of ownership. The Bankruptcy Court ultimately rejected Jones' allegations that the documents were suspect. While Jones need not show a "smoking gun", she is required to put forth a "colorable claim" of fraud on the court which she has not. See id. at 36.

Careful review of the Bankruptcy Court Record reveals that Bankruptcy Judge Feeney's decision was not clearly erroneous as a matter of law and did not constitute an abuse of discretion. The Bankruptcy Judge was fully aware of Jones' contentions and determined that none of them warranted reconsideration. In fact, Jones' motion for reconsideration was simply a reiteration of arguments already made and rejected. It failed to show any patent error of law. Although Jones contended in her motion for reconsideration (and repeats here) that the "equities" of the

case fall in her favor, having failed to show "cause", the Bankruptcy Court was not obliged to consider the "equities" at all. See Rayborn, 307 B.R. at 720.

In sum, Bankruptcy Judge Feeney was aware of all the material factors governing debtor's motion for reconsideration and did not rely on any improper factors in reaching the decision to deny it. Because the Bankruptcy Judge did not abuse her discretion in denying debtor-appellant's motion for reconsideration, that ruling will be affirmed and this appeal will therefore be dismissed.

### III. Motion for Judicial Notice

In January, 2011, appellant moved for the Court to take judicial notice of the recent decision of the Supreme Judicial Court of Massachusetts in U.S. Bank Nat'l Ass'n v. Ibanez, 941 N.E.2d 40 (Mass. 2011). Appellant argues that Ibanez has controlling, precedential value with respect to this appeal because it addresses the validity of transfers and assignments of mortgages and notes.

Although the Court may take judicial notice "of proceedings in other courts if those proceedings have relevance to the matters at hand," Kowalski v. Gagne, 914 F.2d 299, 305 (1st Cir. 1990), the only relevance Ibanez has to the case before this Court is that it is part of the potentially relevant body of case law, as are all decisions. Thus, although the Court acknowledges

the existence of the Ibanez decision and will afford it the appropriate precedential recognition, the Court will deny the motion to take judicial notice.

**ORDER**

In accordance with the foregoing,

1) the Bankruptcy Court's denial of appellant-debtor's motion for reconsideration is **AFFIRMED** and this Appeal is therefore **DISMISSED**; and

2) appellant's motion to take judicial notice (Docket No. 27) is **DENIED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated March 22, 2011